

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-16-00044-CR
_____

ISRAEL BOCANEGRA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR12944, Honorable Ralph H. Walton, Jr., Presiding

_____

June 14, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Israel Bocanegra, appellant, appeals his conviction for evading arrest with a vehicle. Appellant waived his right to a jury trial, entered a judicial confession, and pled guilty to the charge without an agreement on punishment. Appellant also pled true to the enhancement paragraph contained in the indictment and elected to have a jury assess his punishment. Upon completion of the punishment hearing, the jury assessed punishment at fifteen years imprisonment.[1] Appellant's counsel has filed a motion to

---

[1] Because the appeal was transferred to this court from the Second Court of Appeals, we apply the latter's precedent where available should no controlling precedent from a higher court exist. See TEX. R. APP. P. 41.3.

withdraw, together with an *Anders*[2] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to respond *pro se*. Furthermore, counsel represented that a copy of the appellate record had been provided to appellant.

By letter, this court notified appellant of his right to file his own brief or response by May 2, 2016, if he wished to do so. Appellant was subsequently granted an extension and notified by this court, via letter, to file his own brief or response by June 1, 2016. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. Those areas included the sufficiency of the charging instrument, the voluntariness of appellant's guilty plea, the effectiveness of trial counsel, and the proportionality of the sentenced imposed. However, counsel then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). None was found.

---

[2] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Accordingly, the motion to withdraw is granted, and the judgment of the trial court is affirmed.[3]

                                                        Brian Quinn
                                                        Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.